IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARISTA RECORDS LLC, et al.,

        Plaintiffs,                    No. CIV S-06-0873 MCE EFB

    vs.

WILLIE BILLOPS,                  FINDINGS & RECOMMENDATIONS

        Defendant.

_____/

This case is presently before the court on plaintiffs' motion for entry of default judgment against defendant Willie Billops. The motion is suitable for submission without oral argument and was ordered submitted on November 27, 2006. *See* L.R. 78-230(h). Upon review of the motion and the supporting documents, the court issues the following findings and recommendations.

I. BACKGROUND

Plaintiff's[1] complaint alleges that defendant infringed plaintiffs' various copyrighted sound recordings by illegally downloading them from and distributing them over the Internet.

////

---

[1] The plaintiffs in this action are: Arista Records LLC, UMG Recordings, Inc., BMG Music, Sony BMG Music Entertainment, and Elektra Entertainment Group, Inc.

1

Defendant was personally served with a copy of the complaint and summons on May 18, 2006, and again on July 5, 2006. Defendant has failed to respond or otherwise appear in the action. The Clerk entered default on August 25, 2006. Plaintiffs moved for entry of default judgment on September 28, 2006.

II. DISCUSSION

    A.    <u>Standard</u>

Pursuant to Federal Rule of Civil Procedure 55(a), the court clerk is required to enter default when the fact of default is established by affidavit or otherwise. Fed. R. Civ. P. 55(a). In this case, default was established by plaintiffs and entered by the clerk on August 25, 2006. Now before the court is plaintiffs' application for entry of default judgment against defendant pursuant to Fed. R. Civ. P. 55(b)(2). It is within the sound discretion of the district court to grant or deny a default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In making this determination, the court considers the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning the material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

    B.    <u>Analysis</u>

The first *Eitel* factor weighs in plaintiffs' favor. Plaintiffs would be prejudiced if default judgment were not granted because they would be denied the right to judicial resolution of the claims presented, and would be without recourse for protection of their intellectual property rights.

The second and third factors also weigh in plaintiffs' favor. As a general rule, once default is entered, the factual allegations of the complaint are taken as true, except for those allegations relating to the damages. *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-18

(9th Cir. 1987) (citations omitted). Here, the facts as plead by plaintiffs establish a prima facie case for copyright infringement.

To prevail on a claim for copyright infringement, plaintiff must establish ownership of a valid copyright and unauthorized copying of original elements of the work by the defendant. *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). Plaintiffs have alleged ownership of valid copyright registrations in the sound recordings that defendant allegedly downloaded illegally from the Internet. *See* Complaint ("Compl."), at ¶¶ 11-13; *see also* Compl., Exs. A-B. Plaintiffs have also alleged unauthorized reproduction and distribution of the protected works. Compl., at ¶ 13. The complaint is sufficiently plead and states a claim for copyright infringement. Thus, the second and third *Eitel* factors weigh in favor of granting the default judgment.

The fourth *Eitel* factor, the sum of money at stake, does not clearly weigh in either party's favor. While plaintiffs have certainly suffered some monetary loss by virtue of defendant's unauthorized reproduction and distribution of plaintiffs' copyrighted sound recordings, plaintiffs need not prove those actual damages to recover the statutory damages they seek. *Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc.*, 259 F.3d 1186, 1194 (9th Cir. 1997). Indeed, although plaintiffs allege that the injury suffered "cannot fully be compensated or measured in money," they do seek statutory damages as authorized by 17 U.S.C. § 504(c), in the amount of $5,250.00. Compl., at ¶ 17; Motion for Entry of Default Judgment ("Motion"), at 4:7-9. Defendant certainly stands to suffer by having a judgment in this amount entered against him, but plaintiffs have quite reasonably sought only the minimum amount of damages allowed by the statute. On balance, this factor appears to weigh in favor of granting default judgment.

With regard to the fifth factor, no genuine issue of material fact exists because the allegations in the complaint are taken as true, *TeleVideo Systems*, 826 F.2d at 917-18, and defendant has submitted nothing to contradict them.

The sixth factor also weighs in plaintiffs' favor  Defendant has failed to make any appearance in this case even though he was served with the summons and complaint.  Moreover, although not a requirement here, defendant also received notice of plaintiffs' application for entry of default judgment.  *See In re Roxford Foods, Inc.*, 12 F.3d 875, 879 (9th Cir. 1993); *See* Motion, at 14:27-28.  Such failure to respond cannot be deemed "excusable neglect."

Finally, only the seventh *Eitel* factor weighs against granting the motion for default judgment.  The strong policy underlying the Federal Rules of Civil Procedure favor decisions on the merits.  *Eitel*, 782 F.2d at 1472.  Nonetheless, where a defendant fails to answer the complaint, a decision on the merits is "impractical, if not impossible."  *Elektra Ent. Group, Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005) (citations omitted).  Thus, given defendant's failure to appear or respond to complaint in any way, this factor does not preclude an entry of default judgment.  *Id.* at 393.  On balance, the factors weigh in favor of granting plaintiffs' motion for entry of default judgment.

C. <u>Remedies</u>

Plaintiffs seek statutory damages in the amount of $5,250.00, a permanent injunction and an award of costs in the amount of $420.00 for filing fees and service of process.  Plaintiffs do not seek attorneys' fees.

1. <u>Injunction</u>

Plaintiffs seek an injunction in the following form to enjoin defendant's wrongful conduct:

> Defendant shall be and hereby is enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in the Copyrighted Recordings and any sound recording, whether now in existence or later created, that is owned or controlled by Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) ("Plaintiffs' Recordings"), including without limitation by using the Internet or any online media distribution system to reproduce (i.e., download) any of Plaintiffs' Recordings, to distribute (i.e., upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs.

4

> Defendant also shall destroy all copies of Plaintiffs' Recordings that Defendant has downloaded onto any computer hard drive or server without Plaintiffs' authorization and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control.

Motion, at 8:18–9:5.

Federal copyright laws authorize injunctive relief for copyright infringement. *Elektra Ent. Group, Inc.*, 226 F.R.D. at 393 (citing 17 U.S.C. § 501, 502(a)). "A court may order a permanent injunction 'to prevent or restrain infringement of [the owner's] copyright.' Generally, a showing of copyright infringement liability and the threat of future violations is sufficient to warrant a permanent injunction." *Sega Enterprises Ltd. v. Maphia*, 948 F. Supp. 923, 940 (N.D. Cal. 1996) (quoting 17 U.S.C. § 502) (finding that access to equipment that allowed defendant to continue to illegally download and distribute game programs constituted a threat of continued violation); *see also*, *MAI Systems Corp. v. Peak Computer, Inc*., 991 F.2d 511, 520 (9th Cir. 1993); *see also*, *Twentieth Century Fox Film Corp. v. Streeter*, 438 F. Supp. 2d 1065, 1073 (D. Ariz. 2006) (granting a permanent injunction upon entry of default judgment against defendant in a copyright infringement action).

Here, as discussed above, plaintiffs have established defendant's liability for copyright infringement. Furthermore, in proving up their claim, plaintiffs have established defendant's access to the online media distribution system through which the infringement occurred. Infringement by such means exposes plaintiffs to "massive, repeated, and worldwide infringement" of their copyrighted sound recordings. *Twentieth Century Fox Film Corp.*, 438 F. Supp. 2d at 1073 ("When digital works are distributed via the internet, as in this case, every downloader who receives one of the copyrighted works from Defendant is in turn capable of also transmitting perfect copies of the works. Accordingly, the process is potentially exponential rather than linear, threatening virtually unstoppable infringement of the copyright.") (quoting *A & M Records, Inc. v. Napster, Inc*., 239 F.3d 1004, 1013-14 (9th Cir. 2001)). Monetary damages cannot adequately compensate this widespread infringement.

Finally, defendant's failure to respond to this lawsuit suggests an indifference to the unlawful nature of his infringing activity. Accordingly, based on the foregoing, this court finds that the requested injunctive relief is appropriate and recommends that it be granted.

### 2. Statutory Damages

Where a plaintiff prevails in a copyright infringement case, 17 U.S.C. § 504(c) provides for an award of statutory damages in a sum of not less than $750 or more than $30,000 for each infringement, as the court considers just. Moreover, pursuant to 17 U.S.C. § 504(c)(2), a court has discretion to increase the award of statutory damages to $150,000 per infringement where an infringer's conduct is found to be willful. "Statutory damages are particularly appropriate in a case . . . in which defendant has failed to mount any defense or to participate in discovery, thereby increasing the difficulty of ascertaining plaintiff's actual damages." *Jackson v. Sturkie*, 255 F. Supp. 2d 1096, 1101 (N.D. Cal. 2003).

Here, plaintiffs seek the minimum amount ($750) for each alleged act of infringement (seven in total), for a total of $5,250.00. *See* Motion, at 8:13-14; Compl., Ex. A. The court finds that the amount of statutory damages sought by plaintiffs is reasonable and just.

### 3. Costs

Pursuant to 17 U.S.C. § 505, courts have discretion to award "the recovery of full costs and reasonable attorney fees" in cases of copyright infringement. 17 U.S.C. § 505. Here, plaintiffs seek costs in the amount of $420.00 for filing fees and service of process. The court recommends that plaintiffs request for an award of costs in the amount of $420.00 be granted.

## III. CONCLUSION

In light of the above findings this court hereby RECOMMENDS that plaintiff's application for entry of default judgment be granted. The court further RECOMMENDS that a permanent injunction be granted against defendants as specified herein, and that plaintiffs be awarded statutory damages in the amount of $5,250.00, and costs in the amount of $420.00.

////

1  These findings and recommendations are submitted to the United States District Judge
2 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten (10)
3 days after being served with these findings and recommendations, any party may file written
4 objections with the court and serve a copy on all parties.  Such a document should be captioned
5 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
6 shall be served and filed within ten (10) days after service of the objections.  The parties are
7 advised that failure to file objections within the specified time may waive the right to appeal the
8 District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*,
9 951 F.2d 1153, 1157 (9th Cir. 1991).
10 DATED: February 15, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE